Stan Casper (SBN 56705)
Adam Carlson (SBN 257795)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
2121 North California Blvd., Suite 1020
Walnut Creek, California  94596
Telephone:   (925) 947-1147
Facsimile:   (925) 947-1131

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. G., a minor, by and through her Guardian Ad Litem, ALFONSO GOMEZ LEPE,<br><br>                              Plaintiff,<br><br>        vs.<br><br>ALBERTO MARTINEZ MALDONADO; SECURITY CODE 3 aka SECURITY CODE 3, INC.; WATSONVILLE COMMUNITY HOSPITAL; DR. GORDON KAPLAN, in his individual capacity and in his official capacity acting under color of law; DR. STERLING LEWIS, in his individual capacity and in his official capacity acting under color of law; DR. STUART A. SIMION, in his individual capacity and in his official capacity acting under color of law; and DOES 1 through 100, in their individual capacities and their official capacities acting under color of law,<br><br>                              Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**Violation of Civil Rights; Federal and California  Constitutional and Statutory Claims; California State Law Supplemental Claims**<br><br>**42 U.S.C. § 1983**<br><br>**Demand for Jury Trial** |

PLAINTIFF E. G., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM,

ALFONSO GOMEZ LEPE, COMES BEFORE THIS COURT AND ALLEGES AS FOLLOWS:

### INTRODUCTION

1.      Plaintiff E. G. was a 14 year old minor who was involuntarily committed and

admitted to defendant Watsonville Community Hospital's Emergency Room while she was

suffering from suicidal ideations.   Defendant Security Code 3 aka Security Code 3, Inc.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

1

supplied defendant Watsonville Community Hospital with security services and security guards.  Defendant Alberto Martinez Maldonado, an adult male over 21 years of age, acted as a security guard for defendant Watsonville Community Hospital who monitored and supervised plaintiff E. G. during the period of her involuntary commitment.   Defendant Alberto Martinez Maldonado did so even though he had never been trained as to how to monitor or supervise a psychiatric patient.

2.     The involuntary nature of plaintiff E. G.'s commitment afforded her a Fourteenth Amendment due process right to safe conditions during her period of involuntary commitment, thereby affording her rights under 42 U.S.C. § 1983 should said constitutional right be violated.

3.     During her involuntary commitment and afterwards, defendant Alberto Martinez Maldonado sexually abused and harassed plaintiff E. G.   Defendant Alberto Martinez Maldonado was able to sexually abuse and harass plaintiff E. G. because of the official policy and/or practice of defendant Watsonville Community Hospital's and Security Code 3 aka Security Code 3, Inc.'s of having untrained security guards monitor and supervise mental patients while alone with the patients during the patients' period of involuntary commitment.

4.     Moreover, defendant Alberto Martinez Maldonado was able to sexually abuse and harass plaintiff E. G. because defendants Watsonville Community Hospital and Security Code 3 aka Security Code 3, Inc. failed to provide proper training to their security guards such as defendant Alberto Martinez Maldonado, including failing to provide sufficient training to ensure that no security guard engaged in any inappropriate sexual conduct with any patients.

5.     Defendant Watsonville Community Hospital's doctors, healthcare professionals, supervisory administers and its governing body—including Dr. Gordon Kaplan MD, Dr. Sterling Lewis DO, Dr. Stuart A. Simon MD and defendant DOES 1 through 100—received notice that they needed to modify Watsonville Community Hospital's and Security Code 3's official policy and/or practice of having untrained security guards supervise patients

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

1  with regard to Plaintiff E. G.'s psychiatric treatment in that they learned that Plaintiff E. G., a

2  minor of 14 years old, was extremely vulnerable to inappropriate sexual conduct, including

3  with adult males that were 18 or more years of age.  Hence, said defendants knew or should

4  have known that, to provide Plaintiff with safe conditions, they had to modify defendant

5  Watsonville Community Hospital's and Security Code 3's official policy and/or practice by

6  supplying trained personnel to supervise Plaintiff and/or to ensure that Plaintiff was not left

7  alone with adult males for a sufficient amount of time where sexually inappropriate conduct

8  could occur.

9      6.      Upon information and belief, after they learned of defendant Alberto Martinez

10  Maldonado's sexual abuse and harassment of plaintiff E. G., defendant Watsonville

11  Community Hospital and Security Code 3 aka Security Code Inc. ratified said sexual abuse

12  and harassment when they took no corrective action in that they continued to implement

13  their official policy and/or practice of having untrained security guards monitor and supervise

14  mental patients while alone with the patients during the patients' period of involuntary

15  commitment; failed to properly train said security guards; and failed to provide properly

16  trained staff to monitor and supervise mental patients who were subjected to involuntarily

17  commitments.

18                    **JURISDICTION, VENUE AND IDENTIFICATION OF PARTIES**

19      7.      In light of the fact that defendants violated plaintiff E. G.'s Fourteenth

20  Amendment due process right to safe conditions during the period of her involuntary

21  commitment as well as her Fourth Amendment right against excessive force, this action

22  arises under 42 U.S.C. § 1983, as well as under California statutory and common law.

23  Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343.  The unlawful acts

24  and practices alleged herein occurred in the County of Santa Cruz, California, which is within

25  this judicial district.  This Court has supplemental jurisdiction for the California state law

26  causes of action pursuant to 28 U.S.C. § 1367.

27      8.      Venue in this court is proper pursuant to 28 U.S.C. §§ 1391(a)(2) and (b)(2)

28  because the events giving rise to the claims occurred within this district.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

9.     Alfonso Gomez Lepe, as Guardian Ad Litem for Plaintiff E. G. (hereinafter "E. G.") is entitled to bring an action for the injuries to E. G. Alfonso Gomez Lepe is the adoptive parent of E. G. and resides with his family in Watsonville, California.

10.    E. G. presently is, and at all times relevant was, a minor. She was born on August 31, 1998.  She currently resides in Watsonville, California, with her family.

11.    At all times relevant herein defendant Alberto Martinez Maldonado (hereinafter "Maldonado") was an adult over the age of 21 years.  He is presently incarcerated in a State of California correctional facility.

12.    At all times relevant, defendant Security Code 3, also known as Security Code 3, Inc., (hereinafter "Security Code 3") was under contract with defendant Watsonville Community Hospital to supply security services and security guards to defendant Watsonville Community Hospital.  Security Code 3 employed defendant Maldonado as a security guard to perform duties at defendant Watsonville Community Hospital located in Watsonville, California. Security Code 3 entity and agent addresses are located in San Jose, California.

13.    At all times relevant, defendant Watsonville Community Hospital (hereinafter Watsonville Community Hospital") was a hospital serving Santa Cruz County doing business in Watsonville, Santa Cruz County, California.   Upon information and belief, Watsonville Community Hospital has a contract to provide medical services to Santa Cruz County, and therefore it is a state actor for purposes of actions brought pursuant to 42 U.S.C. § 1983. *Wilkins v. Douglas County Sheriff's Office* (D. Nev., July 12, 2012) 2012 WL 3656237 at *2 ("Notably, private hospitals and their staff may constitute state actors under § 1983 in certain circumstances."  (footnote omitted)) (citing *West v. Atkins,* (1988) 487 U.S. 42, 53–54; *Lopez v. Dep't of Health Servs.,* (9th Cir.1991) 939 F.3d 881, 883).  Defendant Watsonville Community Hospital employed defendant Maldonado, by and through defendant Security Code 3, to provide security and other functions at Watsonville Community Hospital. Thus, as Security Code 3 supplied staff to Watsonville Community Hospital and defendant Maldonado acted as staff to Watsonville Community Hospital, both Security Code 3 and Maldonado are state actors for purposes of suit under 42 U.S.C. § 1983 in that they participated in the deprivation of E.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

4

1   G.'s Fourteenth Amendment due process rights to safe conditions during her period of

2   involuntary commitment.   *Wilkins* 2012 WL 3656237 at *2 (citing *West* 487 U.S. at 53-54;

3   *Lopez* 939 F.3d at 883).

4       14.   Plaintiff is ignorant of the true names and capacities of defendant Does 1 through

5   100, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and

6   believe and thereon allege that each Defendant so named is responsible in some manner for

7   the injuries and damages suffered by Plaintiff as described in this complaint. Plaintiff will

8   amend the complaint to state the true names and capacities of defendant DOES 1 through 100

9   when they have been established.   Any reference in this complaint to "defendant,"

10  "defendants," or to a specifically-named defendant refers also to defendants DOES 1 through

11  100.

12      15.   Defendants Dr. Gordon Kaplan MD ("Dr. Kaplan"), Dr. Sterling Lewis DO ("Dr.

13  Lewis"), Dr. Stuart A. Simon MD ("Dr. Simon") and/or defendant DOES 1 through 50 are

14  employees, agents, doctors, hospital administrators, healthcare professionals, supervisory

15  administrators, managing agents and/or the governing body of Watsonville Community Hospital

16  who violated the rights of E. G. as further alleged in this complaint.   Dr. Kaplan, Dr. Lewis, Dr.

17  Simon and defendant DOES 1 through 50 were employed by and/or were the agents of

18  Watsonville Community Hospital and their violations of rights of E. G. occurred during the

19  course and scope of their employment and/or agency with Watsonville Community Hospital

20  and while they were acting within their individual and official capacities for purposes of bringing

21  action under 42 U.S.C. § 1983.   Dr. Kaplan, Dr. Lewis, Dr. Simon and defendant DOES 1

22  through 50 are hereby sued in both their individual and official capacities as further alleged

23  herein.   The acts and omissions of Dr. Kaplan, Dr. Lewis, Dr. Simon and defendant DOES 1

24  through 50 that subject them to liability herein occurred within this judicial district.

25      16.   Defendant DOES 51 through 70 are employees, agents, supervisory

26  administrators, supervisory employees and managing agents of Security Code 3 who violated

27  the rights of E. G. as further alleged in this complaint.   Defendant DOES 51 through 70 were

28  employed by and/or were the agents of Security Code 3 and/or Watsonville Community

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

5

Hospital and their violations of rights of E. G. occurred during the course and scope of their employment and/or agency with Security Code 3 and/or Watsonville Community Hospital and while they were acting within their individual and official capacities for purposes of bring action under 42 U.S.C. § 1983. The acts and omissions of defendant DOES 51 through 70 that subject them to liability herein occurred within this judicial district.

17. At all times mentioned defendants Maldonado, Security Code 3 and Watsonville Community Hospital and DOES 1 through 100 were the agent and employee of each of the remaining defendants, and in doing the acts or omissions alleged, was acting within the course and scope of this agency or employment.

## STATEMENT OF FACTS

18. Upon information and belief, at all relevant times, Watsonville Community Hospital had a contract to provide medical services to Santa Cruz County, and therefore it is a state actor for purposes of actions brought pursuant to 42 U.S.C. § 1983.

19. Upon information and belief, at all relevant times, Security Code 3 had a contract to provide security services and security guards to Watsonville Community Hospital. Security Code 3 employed Maldonado, who acted as a security guard at Watsonville Community Hospital. As Security Code 3 provided staff to Watsonville Community Hospital and Maldonado acted as staff to Watsonville Community Hospital in such a way as to deprive E. G. of her constitutional right as further alleged herein, Security Code 3 and Maldonado were state actors for purposes of 42 U.S.C. § 1983.

20. Since about 2010, Watsonville Community Hospital's Emergency Room physicians, social workers and consulting psychiatrists have been designated by Santa Cruz County to initiate the process of involuntarily committing a patient for psychiatric services under a Welfare and Institutions Code §§ 5150/5585.50 ( sometimes "§§ 5150/5585.50") hold. However, Watsonville Community Hospital is not a designated county-facility for the treatment and evaluation for a patient being held under §§ 5150/5585.50. When a patient is brought to Watsonville Community Hospital for a screening evaluation under §§ 5150/5585.50 and proper Watsonville Community Hospital personnel determine that

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

involuntary commitment under §§ 5150/5585.50 is necessary, the patient's involuntary commitment period begins and the patient is admitted and held in the Watsonville Community Hospital's Emergency Room for up to 24 hours until a bed at a county-designated facility can be found and transportation can be arranged.  Upon finding a proper county-designated treatment facility, the patient is transferred from Watsonville Community Hospital's Emergency Room to the county-designated facility for treatment.

21.     During the late evening hours of May 9, 2013, E. G. was brought to Watsonville Community Hospital's Emergency Room because she was experiencing suicidal ideations. Dr. Kaplan, Dr. Lewis, Dr. Simon, and/or DOES 1 through 50, in combination with other intake health professionals, determined that E. G. was a danger to herself and needed to be involuntarily committed and admitted to Watsonville Community Hospital's Emergency Room for a 24-hour hold pending a transfer to a county-designated facility.  At this time, Plaintiff was involuntarily committed and admitted to Watsonville Community Hospital's Emergency Room by Dr. Gordon Kaplan, Dr. Sterling Lewis and/or DOES 1 through 50 for a 24-hour hold pending transfer to a county-designated facility.

22.     Upon being involuntarily committed and admitted to Watsonville Community Hospital's Emergency Room for a 24-hour hold pending transfer to a county-designated facility, E. G. had a constitutional right under the Fourteenth Amendment due process clause to safe conditions at Watsonville Community Hospital, including in Watsonville Community Hospital's Emergency Room.

23.     When E. G. was involuntarily committed and admitted to Watsonville Community Hospital's Emergency Room, Dr. Kaplan, Dr. Lewis, Dr. Simon, DOES 1 through 50, DOES 51 through 70, and/or Maldonado learned of E. G.'s pertinent history.   They learned that E. G.—a minor of 14 years of age—was experiencing behavioral issues related to school attendance and family relationships, she had a history of psychiatric illness with auditory hallucinations, and she had expressed an intention to spend the night for the purposes of engaging in inappropriate sexual conduct with an 18 year old boy in the near future.  At this time, Dr. Kaplan, Dr. Lewis, Dr. Simon, DOES 1 through 50, DOES 51 through

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

70 and/or Maldonado learned of E. G.'s sexual vulnerability to those of the opposite sex and learned that she was at risk of engaging in inappropriate sexual conduct with males, including those who were 18 years old or older, when given the opportunity to do so.  At the time she was involuntarily committed to Watsonville Community Hospital, Dr. Kaplan, Dr. Lewis, Dr. Simon, DOES 1 through 50, DOES 51 through 70 and/or Maldonado learned that E. G.'s foster father and family were deeply concerned about E. G.'s psychological vulnerability to engage in inappropriate sexual conduct with males, including those who were 18 years old or older.

24.    Watsonville Community Hospital, while working jointly with Security Code 3, developed and implemented an official policy and/or practice of having untrained security guards, including untrained male security guards, and other untrained personnel monitor mental patients while alone with patients during the patients' period of involuntary commitment and admission in Watsonville Community Hospital's Emergency Room for a 24-hold pending transfer to a county-designated facility pursuant to Welfare and Institutions Code §§ 5150/5585.50.  (In this Complaint, the period of time that patients are involuntarily committed and admitted into Watsonville Community Hospital's Emergency Room for a 24-hour hold pending transfer to a county-designated facility pursuant to Welfare and Institutions Code §§ 5150/5585.50 is referred to as "the patients' period of involuntary commitment.")  As further alleged below, this official policy and/or practice amounted to a deliberate indifference to E. G.'s Fourth Amendment right to be free from unreasonable seizures of person and excessive force, as well as her Fourteenth Amendment due process right to safe conditions while involuntarily committed and was a moving force behind the violation of this right.

25.    Watsonville Community Hospital and its hospital administrators, including Dr. Kaplan, Dr. Lewis, Dr. Simon and/or DOES 1 through 50,  and Security Code 3 and its supervisory administrators, including DOES 51 through 70, who developed and/or followed the policy and/or practice of having untrained security guards monitor mental patients while alone with the patients during the patients' period of involuntary commitment engaged in a

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

substantial departure from accepted professional judgment, practice, and/or standards when instituting and/or following this policy and/or practice, as proper professional judgment, practice and/or standards require that properly trained personnel engage in the duties of monitoring and supervising mental patients being subjected to involuntary commitments. Such departure included a departure from the standards of Joint Commission for the Accreditation of Healthcare Organizations ("JCAHO"), an organization that has accredited Watsonville Community Hospital, that require the hiring, training, supervision and retention of staff competent to perform their responsibilities, including patient-related services.  When departing from accepted professional judgment, practice, and/or standards, Watsonville Community Hospital and its hospital administrators, including Dr. Kaplan, Dr. Lewis, Dr. Simon and/or DOES 1 through 50, and Security Code 3 and its supervisory administrators, including DOES 51 through 70, deprived E. G. of her Fourteenth Amendment due process right to safe conditions while being involuntarily committed and their deprivation of E. G.'s constitutional right was because of Watsonville Community Hospital's and Security Code 3's official policy and/or practice of having untrained security guards monitor mental patients while alone with the patients during the patients' period of involuntary commitment.

26.    Additionally, Watsonville Community Hospital's and Security Code 3's training program of security guards, including male security guards, was not adequate as to how to train security guards in monitoring and supervising mental patients during their period of involuntary commitment.  The training program was further inadequate because it departed from the standards of JCAHO that require the hiring, training, supervision and retention of staff competent to perform their responsibilities, including patient-related services.  Among other things, Watsonville Community Hospital's supervisory administrators, including Dr. Kaplan, Dr. Lewis, Dr. Simon and/or DOES 1 through 50, and Security Code 3's supervisory administrators, including DOES 51 through 70, failed to institute a program of training and failed to properly train security guards such as Maldonado so as to ensure that no security guard would engage in inappropriate sexual conduct with patients.  Watsonville Community Hospital and its supervisory administrators, including Dr. Kaplan, Dr. Lewis, Dr. Simon and/or

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

9

DOES 1 through 50, and Security Code 3 and its supervisory administrators, including DOES 51 through 70, knew because it should have been obvious to them that this inadequate training program was likely to cause a deprivation of the Fourteenth Amendment due process rights of mental patients to safe conditions during their period of involuntary commitment.

27.     Moreover, in light of the information provided to them about E. G., a minor 14 years of age, when involuntarily committing her, Dr. Kaplan, Dr. Lewis, Dr. Simon, DOES 1 through 50 and/or DOES 51 through 70 knew or should have known that E. G. was at risk of engaging in inappropriate sexual conduct with male members of the staff if she was left alone and unsupervised with such male members of the staff.  Hence, Dr. Kaplan, Dr. Lewis, Dr. Simon, DOES 1 through 50 and/or DOES 51 through 70 knew or should have known that, to provide E. G. with safe conditions during her period of being involuntarily committed to Watsonville Community Hospital, they needed to exercise their professional judgment to modify Watsonville Community Hospital's and Security Code 3's official policy and/or practice of having untrained male security guards monitor mental patients while alone with patients so as to ensure that E. G. did not engage in inappropriate sexual conduct with male security guards when left alone with them for a sufficient amount of time for inappropriate sexual conduct to occur.  When they failed to modify Watsonville Community Hospital's and Security Code 3's policy and/or practice with regard to E. G.'s treatment, Dr. Kaplan, Dr. Lewis, Dr. Simon, DOES 1 through 50 and/or DOES 51 through 70 engaged in a substantial departure from accepted professional judgment, practice and/or standards so as to demonstrate that these hospital personnel actually did not base their decisions with regard to monitoring and supervising E. G. during her period of involuntary commitment at Watsonville Community Hospital on professional judgment.

28.     When violating E. G.'s Fourteenth Amendment right to safe conditions while involuntarily committed, Watsonville Community Hospital and its hospital administrators, including Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 50, and Security Code 3 and its supervisory administrators, including DOES 51 through 70, acted with conscious

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

10

1 | indifference to E. G.'s Fourteenth Amendment right in that they knew or should have known

2 | that, to provide Plaintiff with safe conditions, they had to modify defendant Watsonville

3 | Community Hospital's and Security Code 3's official policy and/or practice by supplying

4 | trained personnel to supervise Plaintiff and/or to ensure that Plaintiff was not left alone with

5 | adult males for a sufficient amount of time where sexually inappropriate conduct could occur.

6 |     29.    When E. G. was involuntarily committed, Maldonado was assigned to watch E.

7 | G. between 11 p.m. on May 9, 2013 to 6 a.m. on May 10, 2013. E. G.'s foster father and

8 | guardian Alfonso Gomez Lepe left the hospital at approximately 1 a.m. on May 10, 2013.

9 | Counselors, nurses or other qualified individuals reassessed E. G. only intermittently

10 | overnight, breaking contact with E. G. for over an hour and a half and leaving E. G. in the

11 | sole custody of defendant Maldonado during that time.  Maldonado was left alone with E. G.

12 | for this significant amount of time because of Watsonville Community Hospital's and Security

13 | Code 3's official policy and/or practice of having untrained security guards monitor and

14 | supervise mental patients while alone with the patients during the patients' period of

15 | involuntary commitment.

16 |     30.    After Alfonso Gomez Lepe left, E. G. and Maldonado began to talk. They

17 | started to kiss, exciting defendant Maldonado. Without E. G.'s permission and as a result of

18 | using a show of his authority as a guard to obtain her acquiescence, Maldonado inserted his

19 | fingers into E. G.'s vagina while they kissed, committing an unreasonable seizure of E. G.

20 | and engaging in excessive force. Maldonado told E. G., "I want to suck your pussy." E. G.

21 | told Maldonado "no." Maldonado persisted, using a show of authority as a guard to force E.

22 | G. to acquiesce.   Plaintiff E.G., a 14 year old minor who was incapable of consent,

23 | nonetheless, without her consent, Maldonado was eventually able to perform oral sex on E.

24 | G., a 14 year old minor.   While Maldonado sexually molested and harassed E. G., E. G. did

25 | not feel free to leave, as Maldonado's show of authority as the guard responsible for

26 | monitoring and supervising her during her involuntarily commitment caused E. G. to believe

27 | she had no freedom or liberty of movement and was required to submit to Maldonado's

28 | actions.  In order to engage in sexual conduct with E. G., Maldonado misused his authority

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

as a guard to take advantage of E. G., a 14 year old minor with a psychiatric vulnerability in acquiescing to inappropriate sexual conduct, including with males over 18 years of age such as Maldonado.  Maldonado misused his authority against E. G.—a fragile psychiatric patient being involuntarily committed for suicidal ideations—while on duty, in full uniform, while monitoring and supervising E. G. as part of his duties for Watsonville Community Hospital and Security Code 3.

31.    After his sexual encounter with E. G. had come to an end and he was going off-duty, Maldonado gave his cell phone contact number to E. G.

32.    On May 10, 2013, during further course and treatment of patient E. G., Dr. Kaplan noted that E. G. was visited by her biological father the weekend prior. Dr. Kaplan noted that E. G. may have suffered from neglect and/or abuse from her biological parents. Upon conducting this evaluation, Dr. Gordon, other counselors and healthcare professionals DOES 1 through 50 located a county-designated facility that could accept E. G. for further evaluation and treatment.

33.    On May 10, 2013, E. G. was transferred from Watsonville Community Hospital's Emergency Room to St. Mary's Hospital Psychiatric Division in San Francisco for further evaluation, monitoring and treatment under a continued involuntary psychiatric detention. On May 14, 2013, E. G. was released from St. Mary's Hospital and returned home.

34.    On May 15, 2013, E. G. expressed suicidal ideations again and was brought by her family to Watsonville Community Hospital's Emergency Department. After being involuntarily committed, E. G. again was monitored by Maldonado. Subsequently, E. G. was transported from Watsonville Community Hospital to the John Muir Behavioral Health Center in Concord, California.  Thereafter, E. G. was released from the John Muir Behavioral Health Center on May 22, 2013.

35.    Between May 9, 2013 and May 25, 2013, Maldonado exchanged text messages with E. G. On May 25, 2013, Maldonado arranged to meet E. G. at the Watsonville Community Hospital. E. G. met Maldonado at the hospital, they went to his car

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

12

in the parking lot and they had sexual intercourse. While in the car Maldonado put his fingers in E. G.'s vagina, put his penis in her mouth for purposes of oral sex and had vaginal intercourse. After the sexual intercourse, Maldonado drove her to Cesar E. Chavez Middle School in Watsonville, California.

36.     On May 28, 2013 Detective Trujillo and Officer Pisturino of the Watsonville Police Department interviewed Maldonado, where he admitted to the unlawful conduct with E. G.

37.     Upon information and belief, after they learned of Maldonado's sexual abuse and harassment of plaintiff E. G., defendant Watsonville Community Hospital and Security Code 3 aka Security Code Inc. ratified said sexual abuse and harassment when they took no corrective action in that they continued to implement their official policy and/or practice of having untrained security guards monitor and supervise mental patients while alone with the patients during the patients' period of involuntary commitment; failed to properly train said security guards; and failed to provide properly trained staff to monitor and supervise mental patients who were subjected to involuntarily commitments.

38.     On or about July 10, 2013 a Criminal Information was filed in the Superior Court in the County of Santa Cruz charging defendant Maldonado with 9 Felony counts for the conduct on May 9, 2013 and May 25, 2013. On or about October 25, 2013, defendant Maldonado entered pleas of nolo contendere to 3 Felony counts and was convicted thereof, a violation of Penal Code § 288a(b)(2) for the crime of oral copulation on a person under 16 on May 9, 2013, a violation of Penal Code § 261.5(d) for the crime of unlawful sexual intercourse with a person  under 16 on May 25, 2013, and a violation of Penal Code § 288.4(b) for the crime of meeting with a minor for lewd purposes on May 25, 2013. Honorable Judge Paul P. Burdick imposed the sentence of 3 years to be served in the state prison.

39.     Upon information and belief, at all relevant times, Watsonville Community Hospital and Security Code 3, as well as its supervisory personnel including Dr. Kaplan, Dr. Lewis, Dr. Simon and DOES 1 through 100, had actual and/or constructive knowledge that

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

13

Maldonado was unfit and not qualified to monitor patients during their period of involuntarily commitment.    Upon information and belief, at all relevant times, Watsonville Community Hospital and Security Code 3, as well as its supervisory personnel including Dr. Kaplan, Dr. Lewis, Dr. Simon and DOES 1 through 100, had actual and constructive knowledge that Maldonado posed a threat of sexual abuse to female minor patients such as E. G. Nevertheless, despite a duty to protect E. G. and to provide her with safe conditions during her period of involuntarily commitment, Watsonville Community Hospital and Security Code 3, as well as its supervisory personnel including Dr. Kaplan, Dr. Lewis, Dr. Simon and DOES 1 through 100, breached these duties by entrusting E. G. into Maldonado's care such that he was able to sexually abuse E. G. as previously alleged.

## DAMAGES

40.    As a direct and proximate result of the defendants' wrongful conduct, E. G. was injured in her health, strength, and activity, sustained injury to her nervous systems, and was caused to suffer, and to continue to suffer great physical, mental, and nervous pain and suffering, including, but not limited to, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

41.    As a further direct and proximate result of the defendants' wrongful conduct, E. G. has incurred, and will continue to incur expenses for the medical and psychological treatment of her injuries.

42.    The conduct of defendants was despicable, and was conducted with a willful, reckless and/or conscious disregard for the rights, including the civil rights, and safety of the Plaintiff entitling Plaintiff to punitive damages.    *Smith v. Wade* (1983) 461 U.S. 30, 47 (punitive damages regarding claims under 42 U.S.C. § 1983); Cal.Civ.Code §§ 52, 3294. Moreover, the managing agents of Watsonville Community Hospital and Security Code 3 ratified the malicious and oppressive conduct of the individual defendants, and engaged in malicious and oppressive conduct on behalf of Watsonville Community Hospital and Security Code 3.    Hence, E. G. is entitled to punitive damages against Watsonville Community Hospital and Security Code 3 under, including, but not limited to, California Civil Code §

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

14

1   3294(b).  *Myers v. Trendwest Resorts, Inc.* (2007) 148 Cal.App.4th 1403, 1436 (discussing §

2   3294(b)); *Weeks v. Baker & McKenzie* (1998) 63 CA4th 1128, 1154–1155 (discussing

3   liability of employer for punitive damages).

4       43.    E. G. has retained attorneys and investigators to pursue her rights as asserted

5   in this complaint.  Plaintiff is entitled to an award of reasonable attorneys' fees incurred in the

6   prosecution of this action pursuant to 42 U.S.C. § 1988 and California Civil Code §§ 51.7,

7   52. With regard to Maldonado, E. G. is entitled to attorney's fees under California Code of

8   Civil Procedure § 1021.4.

9                           **FIRST CAUSE OF ACTION**

10        **UNREASONABLE SEIZURE AND EXCESSIVE FORCE, 42 U.S.C. § 1983**

11               **(Against Defendant Maldonado and Does 1 through 100)**

12       44.    E. G. realleges and incorporates by references each and every preceding

13   allegation as though fully set forth here.

14       45.    Maldonado is liable under 42 U.S.C. § 1983 because (a) he acted under color

15   of state law when (b) he violated E. G.'s Fourth Amendment rights to be free from

16   unreasonable seizures of person and excessive force.

17       46.    Maldonado was acting under color of state law because he was staff to

18   Watsonville Community Hospital, which had a contract to provide medical services to Santa

19   Cruz County, making Watsonville Community Hospital a state actor, when Maldonado

20   deprived E. G. of her constitutional rights.   *Wilkins v. Douglas County Sheriff's Office* (D.

21   Nev., July 12, 2012) 2012 WL 3656237 at *2 ("Notably, private hospitals and their staff may

22   constitute state actors under § 1983 in certain circumstances."  (footnote omitted)) (citing

23   *West v. Atkins,* (1988) 487 U.S. 42, 53–54 (finding doctor that was an independent

24   contractor was state actor because he was staff to state actor and engaged in the

25   deprivation of rights); *Lopez v. Dep't of Health Servs.,* (9th Cir.1991) 939 F.3d 881, 883

26   (contract between private hospital and government entity made private hospital a state

27   actor).

28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

COMPLAINT FOR DAMAGES

15

47.     When Maldonado kissed, vaginally penetrated and orally copulated E. G. during her period of involuntary commitment and when he refused to concede to E. G.'s protestations of "no" to his sexual interactions, Maldonado misused his authority as a guard to forcibly detain E. G. without her consent, enacting an unreasonable seizure of her person and engaging in excessive force.  Maldonado misused his authority against E. G.—a fragile psychiatric patient being involuntarily committed for suicidal ideations—while on duty, in full uniform, while monitoring and supervising E. G. as part of his duties for Watsonville Community Hospital and Security Code 3.  When Maldonado kissed, vaginally penetrated and orally copulated E. G. he was acting and/or purporting to act in the performance of his official duties as a security guard to Watsonville Community Hospital.  At no time did E. G. consent to Maldonado's sexual molestation and harassment.  During said sexual molestation and harassment E. G. did not feel free to leave.

48.     As a legal and proximate cause of Maldonado's wrongful conduct alleged here, Plaintiff was harmed and sustained the damages as alleged in this complaint.  Maldonado's wrongful conduct was a substantial factor in causing Plaintiff's damages as alleged in this complaint.

49.     E. G. is entitled to the damages alleged in this complaint.

WHEREFORE, E. G. prays for the relief as set forth below.

## SECOND CAUSE OF ACTION

### CONSCIOUS INDIFFERENCE TO SAFE CONDITIONS, 42 U.S.C. § 1983

### (Against Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 100)

50.     E. G. realleges and incorporates by reference each and every preceding allegation as though fully set forth here.

51.     Under *Youngberg v. Romeo*, (1982) 457 U.S. 307 and its progeny, E. G., as an involuntarily committed patient in Watsonville Community Hospital, a mental health hospital under contract with the Santa Cruz County, had a Fourteenth Amendment due process right to be provided safe conditions by the hospital administrators.  *Youngberg v. Romeo*, (1982) 457 U.S. 307, 310, 315-16 ("[i]f it is cruel and unusual punishment to hold convicted criminals

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

16

1  in unsafe conditions, it must be unconstitutional to confine the involuntarily committed—who

2  may not be punished at all—in unsafe conditions"); *Ammons v. Washington Dept. of Social*

3  *and Health Services* (9th Cir. 2011) 648 F.3d 1020, 1027 ("Involuntarily committed patients in

4  state mental health hospitals have a Fourteenth Amendment due process right to be

5  provided safe conditions by the hospital administrators."); *Neely v. Feinstein*, 50 F.3d 1502,

6  1507 (9th Cir.1995) ("A mental patient's right to personal security in the institution to which he

7  or she is committed was clearly established in 1988 [the year of the alleged violation].");

8  *Flores by Galvez–Maldonado v. Meese*, 942 F.2d 1352, 1363 (9th Cir.1991) (describing

9  Youngberg's holding as "when individual is in state custody, state may acquire constitutional

10 duty to ensure individual's safe care"); *Estate of Conners by Meredith v. O'Connor*, 846 F.2d

11 1205, 1207 (9th Cir.1988) (holding that, under Youngberg, patients who have been

12 involuntarily committed to a state mental hospital retain liberty interests in safety).

13     52.    The hospital administrators and supervisory administrators of Watsonville

14 Community Hospital and Security Code 3, including, but not limited to, Dr. Kaplan, Dr. Lewis,

15 Dr. Stuart, and DOES 1 through 70 are liable under 42 U.S.C. § 1983 because (a) they acted

16 under color of state law when (b) they violated E. G.'s Fourteenth Amendment right to safe

17 conditions while involuntarily committed to Watsonville Community Hospital. *Hankins v.*

18 *Superior Court of California* (E.D. Cal., Feb. 12, 2014) 2014 WL 584311 (elements of a

19 cause of action under 42 U.S.C. § 1983).

20     53.    The hospital administrators and supervisory administrators of Watsonville

21 Community Hospital and Security Code 3, including, but not limited to, Dr. Kaplan, Dr. Lewis,

22 Dr. Stuart, and DOES 1 through 70 were acting under color of state law during all relevant

23 times alleged herein.  Watsonville Community Hospital had a contract to provide medical

24 services to Santa Cruz County, making Watsonville Community Hospital a state actor, which

25 in turn made the hospital administrators and supervisory administrators of Watsonville

26 Community Hospital and Security Code 3, including, but not limited to, Dr. Kaplan, Dr. Lewis,

27 Dr. Stuart, and DOES 1 through 70 state actors because they were Watsonville Community

28 Hospital's staff responsible for depriving E. G. of her Fourteenth Amendment due process

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

17

1  right to safe conditions while involuntarily committed.  *Wilkins v. Douglas County Sheriff's*

2  *Office* (D. Nev., July 12, 2012) 2012 WL 3656237 at *2 ("Notably, private hospitals and their

3  staff may constitute state actors under § 1983 in certain circumstances."  (footnote omitted))

4  (citing *West v. Atkins*, (1988) 487 U.S. 42, 53–54 (finding doctor that was an independent

5  contractor was state actor because he was staff to state actor and engaged in the deprivation

6  of rights);  *Lopez v. Dep't of Health Servs.*, (9th Cir.1991) 939 F.3d 881, 883 (contract

7  between private hospital and government entity made private hospital a state actor).

8      54.     The hospital administrators and supervisory administrators of Watsonville

9  Community Hospital and Security Code 3, including, but not limited to, Dr. Kaplan, Dr. Lewis,

10  Dr. Stuart, and DOES 1 through 70 who developed and/or followed the policy and/or practice

11  of having untrained security guards monitor mental patients while alone with the patients

12  during the patients' period of involuntary commitment engaged in a substantial departure

13  from accepted professional judgment, practice, and/or standards when instituting and/or

14  following this policy and/or practice.  A substantial departure occurred because professional

15  judgment, practice and/or standards required that properly trained personnel engage in the

16  duties of monitoring and supervising mental patients being subjected to involuntary

17  commitments. A substantial departure further occurred because the hospital administrators

18  and supervisory administrators of Watsonville Community Hospital and Security Code 3,

19  including, but not limited to Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 70, did not

20  satisfy the standards of JCAHO that require the hiring, training, supervision and retention of

21  staff competent to perform their responsibilities, including patient-related services.

22      55.     When E. G. was involuntarily committed, the hospital administrators and

23  supervisory administrators of Watsonville Community Hospital and Security Code 3,

24  including, but not limited to, Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 70,

25  learned that E. G., a 14 year old minor suffering from suicidal ideations, was at risk of

26  engaging in inappropriate sexual interactions with adult males, as her foster father and family

27  specifically told them that E. G. had an intention to have sexual relations with an adult male

28  in the near future.  When E. G. was involuntarily committed, E. G.'s foster father and family

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

18

expressed to the hospital administrators and supervisory administrators of Watsonville Community Hospital and Security Code 3, including, but not limited to, Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 70, that they were concerned over E. G.'s sexual intention and behavior, seeking psychiatric guidance and assistance on the subject.

56.    In light of the information provided to them about E. G., a minor 14 years of age, when involuntarily committing her, the hospital administrators and supervisory administrators of Watsonville Community Hospital and Security Code 3, including, but not limited to, Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 70  knew or should have known that E. G. was at risk of engaging in inappropriate sexual conduct with male members of the staff if she was left alone and unsupervised with such male members of the staff. Hence, the hospital administrators and supervisory administrators of Watsonville Community Hospital and Security Code 3, including, but not limited to, Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 70  knew or should have known that, to provide E. G. with safe conditions during her period of being involuntarily committed to Watsonville Community Hospital, they needed to exercise their professional judgment to modify Watsonville Community Hospital's and Security Code 3's official policy and/or practice of having untrained male security guards monitor mental patients while alone with patients so as to ensure that E. G. did not engage in inappropriate sexual conduct with male security guards when left alone with them for a sufficient amount of time for inappropriate sexual conduct to occur.    They needed to modify the official policy and/or practice by providing trained personnel to monitor and supervise E. G. during her period of involuntarily commitment; they needed to communicate to the personnel monitoring and supervising E. G. that she was at risk of engaging in inappropriate sexual conduct with adult males and to instruct said personnel who were monitoring and supervising E. G. to prevent such interactions; and they needed to ensure that E. G. was not left alone with male security guards and/or male staff for a sufficient amount of time where sexual conduct could occur.

57.    When they failed to modify Watsonville Community Hospital's and Security Code 3's policy and/or practice with regard to E. G.'s treatment, the hospital administrators

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

19

and supervisory administrators of Watsonville Community Hospital and Security Code 3, including, but not limited to, Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 70, engaged in a substantial departure from accepted professional judgment, practice and/or standards so as to demonstrate that these hospital personnel actually did not base their decisions with regard to monitoring and supervising E. G. during her period of involuntary commitment at Watsonville Community Hospital on professional judgment.

58.     Furthermore, Watsonville Community Hospital and Security Code 3, as well as its hospital administrators and supervisory administrators, including, but not limited to, Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 70, failed to satisfy the standards of JCAHO that require the hiring, training, supervision and retention of staff competent to perform their responsibilities, including patient-related services, when they hired, trained, supervised and retained security guards to monitor patients during their periods of involuntary commitment without ensuring they were competent to provide the necessary patient services.   This was a substantial departure from accepted professional judgment, practices and/or standards that violated E. G.'s right to a safe environment while involuntarily committed.

59.     Upon information and belief, Watsonville Community Hospital and Security Code 3, as well as its hospital administrators and supervisory administrators, including, but not limited to, Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 70 had actual and/or constructive knowledge that Maldonado was unfit and unqualified to monitor patients during their period of involuntary commitment and that he posed a threat of sexual abuse to minor female patients, but nevertheless hired, trained, supervised and retained Maldonado to so monitor said patients, resulting in E. G.'s sexual abuse by Maldonado and the violation of her right to safe conditions while involuntarily committed, as such hiring, training, supervision and retention of Maldonado was a substantial departure from accepted professional judgment, practices and/or standards and violated E. G.'s Fourteenth Amendment right to safe conditions while involuntarily committed.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

20

60.     When violating E. G.'s Fourteenth Amendment right to safe conditions while involuntarily committed, the hospital administrators and supervisory administrators of Watsonville Community Hospital and Security Code 3, including, but not limited to, Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 70, acted with conscious indifference amounting to gross negligence to E. G.'s Fourteenth Amendment right in that they knew or should have known that, to provide Plaintiff with safe conditions, they had to modify defendant Watsonville Community Hospital's and Security Code 3's official policy and/or practice by supplying trained personnel to supervise Plaintiff and/or to ensure that Plaintiff was not left alone with adult males for a sufficient amount of time where sexually inappropriate conduct could occur.

61.     As a legal and proximate cause of said defendants' wrongful conduct alleged here, Plaintiff was harmed and sustained the damages as alleged in this complaint.  Said defendants' wrongful conduct was a substantial factor in causing Plaintiff's damages as alleged in this complaint.

62.     E. G. is entitled to the damages alleged in this complaint.

WHEREFORE, E. G. prays for the relief as set forth below.

### THIRD CAUSE OF ACTION

### SUPERVISORY LIABILITY, 42 U.S.C. § 1983

### (Against Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100)

63.     E. G. realleges and incorporates by reference each and every preceding allegation as though fully set forth here.

64.     The hospital administrators and supervisory administrators of Watsonville Community Hospital and Security Code 3, including, but not limited to, Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 100 are sued herein in their individual capacity.

65.     The hospital administrators and supervisory administrators of Watsonville Community Hospital and Security Code 3, including, but not limited to, Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 100 participated in the violation of E. G.'s rights by failing to

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

1  provide adequate training, supervision, discipline, and control of security guards working at

2  Watsonville Community Hospital, including Maldonado.

3      66.    Upon information and belief,  the hospital administrators and supervisory

4  administrators of Watsonville Community Hospital and Security Code 3, including, but not

5  limited to, Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 100, participated in the

6  violation of plaintiffs' rights by ratifying the Fourth Amendment violation by Maldonado of E.

7  G.'s rights after they learned of Maldonado's sexual abuse and harassment of plaintiff E. G.,

8  when they took no corrective action in that they continued to implement their official policy

9  and/or practice of having untrained security guards monitor and supervise mental patients

10  while alone with the patients during the patients' period of involuntary commitment; failed to

11  properly train said security guards; failed to provide properly trained staff to monitor and

12  supervise mental patients who were subjected to involuntarily commitments; failed to follow

13  JCAHO's standards regarding providing competent staff to perform their responsibilities;

14  and/or, upon information and belief, permitted Maldonado to guard E. G. while having actual

15  and/or constructive knowledge that he posed a risk of molestation to her.  Hence, said

16  defendants acquiesced in the deprivation of E. G.'s rights.

17      67.    Upon information and belief, the hospital administrators and supervisory

18  administrators of Watsonville Community Hospital and Security Code 3, including, but not

19  limited to DOES 1 through 100, participated in the violation of E. G.'s Fourteenth Amendment

20  right to safe conditions while involuntarily committed ratifying the conduct of Dr. Kaplan, Dr.

21  Lewis, Dr. Stuart and DOES 1 through 100, when they failed to modify the policy of having

22  untrained security guards monitor and supervise mental patients while alone with the patients

23  during the patients' period of involuntary commitment while knowing of E. G.'s vulnerability to

24  engage in inappropriate sexual conduct with adult males; failed to properly train said security

25  guards; failed to provide properly trained staff to monitor and supervise mental patients who

26  were subjected to involuntarily commitments; failed to follow JCAHO's standards regarding

27  providing competent staff to perform their responsibilities; and/or, upon information and

28  belief, permitted Maldonado to guard E. G. while having actual and/or constructive

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

22

1  knowledge that he posed a risk of molestation to her. Hence, said defendants acquiesced in

2  the deprivation of E. G.'s rights.

3       68.    As a legal and proximate cause of said defendants' wrongful conduct alleged

4  here, Plaintiff was harmed and sustained the damages as alleged in this complaint.  Said

5  defendants' wrongful conduct was a substantial factor in causing Plaintiff's damages as

6  alleged in this complaint.

7       69.    E. G. is entitled to the damages alleged in this complaint.

8      WHEREFORE, E. G. prays for the relief as set forth below.

9  **FOURTH CAUSE OF ACTION**

10  **ENTITY LIABILITY, FAILURE TO TRAIN, 42 U.S.C. § 1983**

11  **(Against Watsonville Community Hospital, Security Code 3, Dr. Kaplan, Dr.**

12  **Lewis, Dr. Stuart and DOES 1 through 100)**

13       70.    Plaintiff realleges and incorporates by reference each and every preceding

14  allegation as though fully set forth here.

15       71.    The hospital administrators and supervisory administrators of Watsonville

16  Community Hospital and Security Code 3, including, but not limited to, Dr. Kaplan, Dr. Lewis,

17  Dr. Stuart, and DOES 1 through 100,  are sued herein in their official capacity.

18       72.    Watsonville Community Hospital's and Security Code 3's training program of

19  security guards and other personnel, including male security guards, was not adequate as to

20  how to train security guards in monitoring and supervising mental patients during their period

21  of involuntary commitment.   Among other things, Watsonville Community Hospital's

22  supervisory administrators, including Dr. Kaplan, Dr. Lewis, Dr. Simon and/or DOES 1

23  through 50, and Security Code 3's supervisory administrators, including DOES 51 through

24  70, failed to institute a program of training and failed to properly train security guards such as

25  Maldonado so as to ensure that no security guard would engage in inappropriate sexual

26  conduct with patients.   The training program was further inadequate because it departed

27  from the standards of JCAHO that require the hiring, training, supervision and retention of

28  staff competent to perform their responsibilities, including patient-related services.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

73.     Watsonville Community Hospital and its supervisory administrators, including Dr. Kaplan, Dr. Lewis, Dr. Simon and/or DOES 1 through 50, and Security Code 3 and its supervisory administrators, including DOES 51 through 70, knew because it should have been obvious to them that this inadequate training program was likely to cause a deprivation of patients', including E. G.'s, Fourth Amendment rights to be free from unreasonable seizures of person and excessive force and Fourteenth Amendment due process rights of mental patients to safe conditions during their period of involuntary commitment.

74.     As a legal and proximate cause of said defendants' wrongful conduct alleged here, Plaintiff was harmed and sustained the damages as alleged in this complaint. Defendants' wrongful conduct was a substantial factor in causing Plaintiff's damages as alleged in this complaint.

75.     E. G. is entitled to the damages alleged in this complaint.

WHEREFORE, E. G. prays for the relief as set forth below.

## FIFTH CAUSE OF ACTION

### ENTITY LIABILITY, OFFICIAL POLICY AND RATIFICATION, 42 U.S.C. § 1983

### (Against Watsonville Community Hospital, Security Code 3, Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 100)

76.     Plaintiff realleges and incorporates by reference each and every preceding allegation as though fully set forth here.

77.     Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 100 are sued herein in their official capacity.

78.     The official policy and/or practices of Watsonville Community Hospital, Security Code 3, Dr. Kaplan, Dr. Lewis, Dr. Stuart, the hospital administrators and/or supervisory administrators of Watsonville Community Hospital DOES 1 through 50, the supervisory administrators of Security Code 3 DOES 51 through 70 and DOES 71 through 100 of having untrained security guards monitor and supervise mental patients while alone with the patients during the patients' period of involuntary commitment, as well as said defendants' deliberate indifference to Plaintiff's Fourth and Fourteenth Amendment rights, as described in this

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

24

complaint, were the moving forces behind the violations of the constitutional rights and resulting damages suffered by E. G.

79.     The acts and omissions of Watsonville Community Hospital, Security Code 3, Dr. Kaplan, Dr. Lewis, Dr. Stuart, the hospital administrators and/or supervisory administrators of Watsonville Community Hospital DOES 1 through 50, the supervisory administrators of Security Code 3 DOES 51 through 70 and DOES 71 through 100, as well as said defendants' deliberate indifference to Plaintiff's Fourth and Fourteenth Amendment rights, as described in this complaint, were moving forces behind the violations of constitutional rights and the resulting damages suffered by E. G.

80.     The adoption and ratification by the hospital and supervisory administrators of Watsonville Community Hospital and Security Code 3, including, but not limited to DOES 71 through 80, of the misconduct of Maldonado in violating E. G.'s Fourth Amendment right and the adoption and ratification of the violation by the hospital and supervisory administrators of Watsonville Community Hospital and Security Code 3, including, but not limited to DOES 1 through 100, of E. G.'s Fourteenth Amendment right by the hospital administrators of Watsonville Community Hospital and supervisory administrators of Security Code 3, including, but not limited to Dr. Kaplan, Dr. Lewis, Dr. Stuart, and DOES 1 through 70, including the deliberate indifference of such defendants to Plaintiff's Fourth and Fourteenth Amendment rights, as described in this complaint, were moving forces behind the violations of constitutional rights and the resulting damages suffered by E. G.  Upon information and belief, after they learned of Maldonado's sexual abuse and harassment of plaintiff E. G., defendant Watsonville Community Hospital and Security Code 3, and their supervisory personnel DOES 1 through 100, ratified said sexual abuse and harassment and further ratified their supervisory personnel's official policy and/practice of having untrained security guards monitor mental patients.  They did so when they took no corrective action in that they continued to implement their official policy and/or practice of having untrained security guards monitor and supervise mental patients while alone with the patients during the patients' period of involuntary commitment; failed to properly train said security guards; and failed to

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

25

provide properly trained staff to monitor and supervise mental patients who were subjected to involuntarily commitments.

81.   As a legal and proximate cause of said defendants' wrongful conduct alleged here, Plaintiff was harmed and sustained the damages as alleged in this complaint. Defendants' wrongful conduct was a substantial factor in causing Plaintiff's damages as alleged in this complaint.

82.   E. G. is entitled to the damages alleged in this complaint.

WHEREFORE, E. G. prays for the relief as set forth below.

## SIXTH CAUSE OF ACTION

### CONSPIRACY TO VIOLATE CIVIL RIGHTS, 42 U.S.C. § 1985

### (Against Watsonville Community Hospital and Security Code 3, and DOES 1 through 100)

83.   E. G. realleges and incorporates by reference each and every preceding allegation as though fully set forth here.

84.   Watsonville Community Hospital and its supervisory personnel and Security Code 3 and its supervisory personnel, including DOES 1 through 100, entered into an agreement and conspiracy (a) to adopt an official policy and/or practice of having untrained security guards monitor and supervise mental patients while alone with the patients during the patients' period of involuntary commitment, which violated the Fourteenth Amendment right of involuntarily commitment patients' rights, including the rights of E. G., to safe conditions; (b) to refrain from modifying this official policy and/or practice with regard to E. G.'s treatment despite the fact that they knew or should have known that failing to do so would violate E. G.'s Fourteenth Amendment right to safe conditions while involuntarily committed; (c) to develop a training program of security guards and other personnel, including male security guards, that was not adequate as to how to train security guards in monitoring and supervising mental patients during their period of involuntary commitment despite the fact that they knew such an inadequate training program was likely to cause a deprivation of patients' rights, including E. G.'s rights, under the Fourteenth Amendment to

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

26

safe conditions while involuntarily committed; and/or (d) to adopt and ratify the constitutional violations by the individual defendants of E. G.'s Fourth Amendment right to be free from unreasonable seizures of persons and excessive force and her Fourteenth Amendment right to safe conditions while involuntarily committed.

85.   Watsonville Community hospital and its supervisory personnel and Security Code 3 and its supervisory personnel, including DOES 1 through 100, entered into the previously alleged agreement and conspiracy for the purposes of directly and/or indirectly depriving involuntarily committed patients' rights, including E. G.'s rights, under the Fourth Amendment to be free from unreasonable seizures of person and excessive force and under the Fourteenth Amendment to due process rights of safe conditions while involuntarily committed. Said defendants entered into the previously alleged agreement and conspiracy because of invidiously discriminatory animus towards mentally disabled persons such as E. G. who were and are involuntarily committed to mental institutions because of their mental disability.

86.   As previously alleged herein, Watsonville Community hospital and its supervisory personnel and Security Code 3 and its supervisory personnel, including Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100, engaged in acts in furtherance of this conspiracy, including developing, implementing and/or following the previously alleged official policy and/or practice; refraining from modifying this official policy and/or practice as to E. G.'s treatment even though they knew doing so would violate her Fourteenth Amendment due process right to safe conditions while involuntarily committed; developing, implementing a following an inadequate training program of security guards and other personnel put in charge of monitoring and supervising involuntarily committed patients such as E. G.; and adopting and ratifying Maldonado's violation of E. G.'s Fourth Amendment rights to be free from unreasonable seizures and excessive force and adopting and ratifying the violation of E. G.'s Fourteenth Amendment due process rights to safe conditions by the hospital and supervisory administrators of Watsonville Community Hospital and Security Code 3, including, but not limited to Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100 by

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

27

taking no corrective action when learning of these individual defendants' conduct in that they continued to implement their official policy and/or practice of having untrained security guards and other personnel monitor and supervise mental patients while alone with the patients during the patients' period of involuntary commitment; failed to properly train said security guards and other personnel; and failed to provide properly trained staff to monitor and supervise mental patients who were subjected to involuntarily commitments.

87.     As a result of defendants' acts in furtherance of the conspiracy, E. G.'s was deprived of her Fourth Amendment right to be free from unreasonable seizures of person and excessive force and her Fourteenth Amendment right to safe conditions while involuntarily committed.

88.     As a legal and proximate cause of said defendants' wrongful conduct alleged here, Plaintiff was harmed and sustained the damages as alleged in this complaint. Defendants' wrongful conduct was a substantial factor in causing Plaintiff's damages as alleged in this complaint.

89.     E. G. is entitled to the damages alleged in this complaint.

WHEREFORE, E. G. prays for the relief as set forth below.

## SEVENTH CAUSE OF ACTION

### SEXUAL BATTERY - CIVIL CODE § 1708.5

### (Against Maldonado)

90.     E. G. realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

91.     Maldonado acted with the intent to cause an offensive or harmful contact with intimate parts of the E. G.'s person, and to cause harmful and offensive contacts with E. G. by kissing her, penetrating her vagina with his fingers, orally copulating her, and engaging in sexual intercourse with her.

92.     Maldonado's conduct renders him liable to E. G. for sexual battery pursuant to California Civil Code § 1708.5 in that he knew or should have known that E. G. was unable to consent to his actions because she was under the age of consent.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

93.     As a legal and proximate cause of said defendants' wrongful conduct alleged here, E. G. was harmed and sustained the damages as alleged in this complaint. Maldonado's wrongful conduct was a substantial factor in causing E. G.'s damages as alleged in this complaint.

94.     E. G. is entitled to the damages alleged in this complaint.

WHEREFORE, E. G. prays for relief as set forth below.

## EIGHTH CAUSE OF ACTION

## CALIFORNIA PENAL CODE § 288A(B)(2)

### (Against Maldonado)

95.     E. G. realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

96.     On May 9 and 10, 2013, Maldonado participated in oral copulation with E. G. This misconduct occurred when Maldonado was an adult over the age of 21 and Plaintiff was 14 years of age. Maldonado's misconduct violated Penal Code § 288a(b)(2).

97.     Penal Code § 288a(b)(2) was enacted to protect minors under 18 years of age from adults who sought to and did participate in oral copulation with minors under 18 years of age. At all times relevant, E. G. was within the class of individuals protected by Penal Code § 288a(b)(2).

98.     As a proximate result of Maldonado's violation of Penal Code § 288a(b)(1), E. G. sustained substantial general and special damages in an amount exceeding the jurisdictional minimum of this Court.

99.     E. G. is entitled to the damages alleged in this complaint.

Wherefore, Plaintiff prays for relief as set forth below.

## NINTH CAUSE OF ACTION

## CALIFORNIA PENAL CODE § 288.4(b)

### (Against Maldonado)

100.    E. G. realleges and incorporates by reference each and every preceding allegation as though fully set forth here.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

29

101.   Penal Code § 288.4(b), which incorporates Penal Code § 288.4(a)(1), makes it a felony for a "person who, motivated by an unnatural or abnormal sexual interest in children, arranges a meeting with a minor for the purpose of exposing his or her genitals or pubic or rectal area, having the child expose his or her genitals or pubic or rectal area, or engaging in lewd or lascivious behavior [and] . . .  who goes to the arranged meeting place at or about the arranged time."

102.   On or before May 25, 2013, Maldonado violated Penal Code § 288.4(b) on at least one occasion when E. G. was a minor.

103.   Penal Code § 288.4(b) was enacted to protect minors individuals who arranged meetings with minors for the purpose of engaging in lewd and lascivious conduct and in exposing their genitals and having the minor expose his genitals and went to the arranged meeting place at the arranged times. At all times relevant, E. G. was a minor and within the class of individuals protected by Penal Code § 288.4(b).

104.   As a proximate result of Maldonado's violation of Penal Code § 288.4(b), E. G. sustained substantial general and special damages in an amount exceeding the jurisdictional minimum of this Court.

105.   E. G. is entitled to the damages alleged in this complaint.

Wherefore, E. G. prays for relief as hereafter set forth.

### TENTH CAUSE OF ACTION

### CALIFORNIA PENAL CODE § 261.5(D)

### (Against Maldonado)

106.   Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

107.   On May 25, 2013, Maldonado engaged in sexual intercourse with E. G.  This misconduct occurred when Defendant was over 21 years of age and Plaintiff was 14 years of age. Defendant's misconduct violated Penal Code § 261.5(d).

108.   Penal Code § 261.5(d) was enacted to protect minors from adults who sought to and did participate in sexual intercourse with minors who are three years younger than the

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

30

1  adults.  At all times relevant, E. G. was within the class of individuals protected by Penal

2  Code § 261.5(d).

3      109.  As a proximate result of Maldonado's violation of Penal Code § 261.5(d) E. G.

4  sustained substantial general and special damages in an amount exceeding the jurisdictional

5  minimum of this Court.

6      110.  E. G. is entitled to the damages alleged in this complaint.

7      Wherefore, E. G. prays for relief as set forth below.

8  ## ELEVENTH CAUSE OF ACTION

9  ## NEGLIGENCE

10  ### (Against Maldonado)

11      111.  E. G. realleges and incorporates by reference each and every allegation set

12  forth in the preceding paragraphs.

13      112.  Maldonado owed a duty of care to conduct his relations with E. G. in a

14  reasonable manner to avoid causing foreseeable harm to E. G.

15      113.  At all times mentioned, it was reasonably foreseeable that a minor would suffer

16  severe emotional harm if an adult responsible for her safety and well-being engaged in the

17  types of inappropriate conduct demonstrated by Maldonado, including, but not limited to,

18  kissing E. G., penetrating E. G.'s vagina with his fingers, orally copulating E. G. and

19  engaging in sexual intercourse with E. G.

20      114.  In engaging in the conduct described in this complaint, Maldonado breached

21  this duty of care to E. G. and proximately caused E. G. to suffer the damages described in

22  this complaint.  E. G. is entitled to the damages alleged in this complaint

23      115.  Watsonville Community Hospital and Security Code 3 are liable for the acts of

24  Maldonado because their supervisory personnel and managing agents adopted and ratified

25  his misconduct by failing to take corrective action as alleged herein.

26      WHEREFORE, E. G. prays for relief as set forth below.

27  ///

28  ///

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

**TWELFTH CAUSE OF ACTION**

**NEGLIGENCE**

**(Against Watsonville Community Hospital, Security Code 3, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100)**

116.   E. G. realleges and incorporates by reference each and every preceding allegation as though fully set forth here.

117.   At all relevant times, Watsonville Community Hospital and its supervisory personnel, Security Code 3 and its supervisory personnel, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100 owed a duty to exercise reasonable care to avoid foreseeable harm to E. G. It was highly foreseeable to said defendants that failing to exercise reasonable care posed a substantial risk of harm to E.G.

118.   Watsonville Community Hospital and its supervisory personnel, Security Code 3 and its supervisory personnel, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100 breached their duty to E. G. by failing to act with reasonable care so as to avoid foreseeable harm to E. G.

119.   As a direct legal and proximate result of the negligence of Watsonville Community Hospital and its supervisory personnel, Security Code 3 and its supervisory personnel, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100, E. G. sustained the damages alleged in this complaint.

120.   Watsonville Community Hospital and its supervisory personnel, Security Code 3 and its supervisory personnel, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100 were acting within the course and scope of their employment such that Watsonville Community Hospital and Security Code 3 are liable for their conduct under the doctrine of respondeat superior.  Watsonville Community Hospital and Security Code 3 also are liable for the acts of said defendants because they and their supervisory personnel adopted and ratified those acts, including when they failed to take any corrective action with regard to those acts.

///

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

WHEREFORE, E. G. prays for relief as set forth below.

## THIRTEENTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(Maldonado, Watsonville Community Hospital, Security Code 3, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100)**

121.    E. G. realleges and incorporates by reference each and every preceding allegation as though fully set forth here.

122.    At all relevant times, Watsonville Community Hospital and its supervisory personnel, Security Code 3 and its supervisory personnel, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100 owed a duty to exercise reasonable care to avoid foreseeable harm to E. G. It was highly foreseeable to said defendants that failing to exercise reasonable care posed a substantial risk of harm to E. G.

123.    Watsonville Community Hospital and its supervisory personnel, Security Code 3 and its supervisory personnel, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100 breached their duty to E. G. by failing to act with reasonable care so as to avoid foreseeable harm to E. G.

124.    As a direct legal and proximate result of the negligence of Watsonville Community Hospital and its supervisory personnel, Security Code 3 and its supervisory personnel, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100, E. G. suffered emotional distress and sustained the damages alleged in this complaint.

125.    Watsonville Community Hospital and its supervisory personnel, Security Code 3 and its supervisory personnel, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100 were acting within the course and scope of their employment such that Watsonville Community Hospital and Security Code 3 are liable for their conduct under the doctrine of respondeat superior.  Watsonville Community Hospital and Security Code 3 also are liable for the acts of said defendants because they and their supervisory personnel adopted and ratified those acts, including when they failed to take any corrective action with regard to those acts.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

33

WHEREFORE, E. G. prays for relief as set forth below.

## FOURTEENTH CAUSE OF ACTION

## PREMISES LIABILITY

### (Defendants Watsonville Community Hospital,

### Security Code 3, and DOES 1 through 100)

121.  E. G. realleges and incorporates by reference each and every preceding allegation as though fully set forth here.

122.  Watsonville Community Hospital, Security Code 3, and DOES 1 through 100 owned, operated, occupied, possessed, controlled and/or leased the premises where E. G. was involuntarily committed.

123.  Watsonville Community Hospital, Security Code 3, and DOES 1 through 100 could reasonably anticipate that Plaintiff would suffer foreseeable physical injury from the harmful conduct of Maldonado, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100, as such harmful conduct arose from Watsonville Community Hospital's and Security Code 3's official policy and/or practice of having untrained security guards monitor patients during their period of involuntarily commitment; their failure to properly train security guards and other personnel to monitor patients; and their adoption and ratification of the individual defendants' actions, which occurred by their failure to take corrective action as alleged herein.

124.  Because Defendants could reasonably anticipate the harmful conduct of Maldonado, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100, defendants had a duty to use reasonable care to protect Plaintiff from this harmful conduct occurring on the premises that owned, operated, occupied, possessed, controlled and/or leased.  Defendants' duty included not only the duty to inspect the premises in order to uncover dangerous conditions, but, as well, the duty to take affirmative action to control the wrongful acts of Maldonado, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100 which threatened Plaintiff.

125.  When they failed to protect Plaintiff from the harmful conduct of Maldonado,

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

34

Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100, Watsonville Community Hospital, Security Code 3, and DOES 1 through 100 breached their duties to protect Plaintiff.

126.   Because defendants breached their duty to protect Plaintiff against the harmful conduct that they could reasonably anticipate that was occurring on the premises, Watsonville Community Hospital, Security Code 3, and DOES 1 through 100 caused the premises to be defective, dangerous and unsafe.

127.   Watsonville Community Hospital, Security Code 3, and DOES 1 through 100 had actual, constructive and/or imputed notice that the premises were defective, dangerous and unsafe.   Nevertheless, Defendants failed to make the premises safe, failed to protect against the harm and failed to warn against the danger.

128.   As a direct legal and proximate cause of the conduct of Watsonville Community Hospital, Security Code 3, and DOES 1 through 100, Plaintiff incurred the damages alleged in this complaint.

WHEREFORE, E. G. prays for relief as set forth below.

### FIFTEENTH CAUSE OF ACTION

### NEGLIGENT SUPERVISION OF E. G.

### (Watsonville Community Hospital, Security Code 3, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100)

129.   E. G. realleges and incorporates by reference each and every preceding allegation as though fully set forth here.

130.   At all relevant times, Watsonville Community Hospital and its supervisory personnel, Security Code 3 and its supervisory personnel, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100 were in a special relationship with E. G. and owed a duty to exercise reasonable care to avoid foreseeable harm to her, as well as owed a duty of care to protect her from the foreseeable harm posed by others and owed a duty of care not to place E. G. in peril or in a worse position.   It was highly foreseeable to Watsonville Community Hospital and its supervisory personnel, Security Code 3 and its supervisory personnel, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100 that failing to provide appropriate

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

35

1  supervision to E. G. posed a substantial risk of harm to E. G.

2  131.  Watsonville Community Hospital and its supervisory personnel, Security Code

3  3 and its supervisory personnel, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100

4  breached their duties of care to E. G. when they failed to exercise reasonable care in

5  supervising her during her period of involuntary commitment at Watsonville Community

6  Hospital such that Maldonado engaged in the misconduct with E. G. that has been

7  previously alleged in this complaint.  Said defendants breached their duties of care to E. G.

8  when they failed to prevent Maldonado's molestation of E. G.; failed to modify the policy of

9  having untrained security guards monitor and supervise mental patients while alone with the

10  patients during the patients' period of involuntary commitment while knowing of E. G.'s

11  vulnerability to engage in inappropriate sexual conduct with adult males; failed to properly

12  train said security guards; failed to provide properly trained staff to monitor and supervise

13  mental patients who were subjected to involuntarily commitments; failed to follow JCAHO's

14  standards regarding providing competent staff to perform their responsibilities; failed to

15  ensure that no security guard, including Maldonado, would engage in inappropriate sexual

16  conduct with patients such as E. G. who were involuntarily committed; and/or, upon

17  information and belief, permitted Maldonado to guard E. G. while having actual and/or

18  constructive knowledge that he posed a risk of molestation to her.

19  132.  As a direct legal and proximate result of the negligent supervision of

20  defendants, E. G. was injured and incurred damages as alleged in this complaint.

21  133.  Watsonville Community Hospital's supervisory personnel, Security Code 3's

22  supervisory personnel, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100 were

23  acting within the course and scope of their employment such that Watsonville Community

24  Hospital and Security Code 3 are liable for their conduct under the doctrine of respondeat

25  superior.  Watsonville Community Hospital and Security Code 3 are liable for the acts of

26  Watsonville Community Hospital's supervisory personnel, Security Code 3's supervisory

27  personnel, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100 because Watsonville

28  Community Hospital and Security Code 3, as well as their supervisory personnel adopted

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

36

and ratified the acts of said defendants, including when they failed to take any corrective action with regard to those acts as previously alleged in this complaint.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SIXTEENTH CAUSE OF ACTION

## NEGLIGENT HIRING, TRAINING, SUPERVISION

## AND RETENTION OF MALDONADO

### (Watsonville Community Hospital, Security Code 3, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100)

134.   E. G. realleges and incorporates by reference each and every preceding allegation as though fully set forth here.

135.   Defendants Watsonville Community Hospital and Security Code 3 were in a special relationship with E. G.  As a result of this special relationship, these Defendants owed a duty to E. G. to properly supervise her and to use reasonable measures to protect her from foreseeable injury at the hands of third parties acting negligently or intentionally, as well as owed a duty not to place E. G. in peril or in a worse position.  As a result, the supervisory employees of Watsonville Community Hospital and Security Code 3, including Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100, owed a duty of care to take reasonable measures to guard E. G. against abuse from Watsonville Community Hospital's staff, including any security guards monitoring or supervising patients during their periods of involuntary commitment.  Therefore, the supervisory employees of Watsonville Community Hospital and Security Code 3, including Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100, had a duty to properly train, supervise and retain its staff, including security guards, to ensure that patients under involuntary commitments were not abused by such staff, including by security guards such as Maldonado.  It was highly foreseeable to Watsonville Community Hospital and Security Code 3, as well as their supervisory personnel, that breaching these duties would result in harm to patients such as E. G.

136.   The supervisory personnel of Watsonville Community Hospital and Security Code 3, including Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100,  breached

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

1   these duties to E. G. when they developed and implemented an official policy and/or practice

2   of having untrained security guards monitor and supervise patients who were involuntarily

3   committed.   The supervisory personnel of Watsonville Community Hospital and Security

4   Code 3, including Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100,  breached

5   these duties to E. G. when they failed to properly train and supervise security guards such as

6   Maldonado and other staff as to how to properly monitor patients during their periods of

7   involuntary commitment, including proper training that would ensure that no security guard or

8   other personnel would engage in inappropriate sexual conduct with a student.   Furthermore,

9   the supervisory personnel of Watsonville Community Hospital and Security Code 3, including

10   Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100, breached these duties by failing

11   to satisfy the standards of JCAHO as to Maldonado and other staff that required hiring,

12   training, supervision and retention of staff competent to perform their responsibilities,

13   including patient-related services.   Such failure to train and supervise was the cause of

14   Maldonado's misconduct with E. G.

15       137.   Additionally, the supervisory personnel of Watsonville Community Hospital and

16   Security Code 3, including Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100,

17   breached their duty of training and supervision of their staff that they owed to   E. G. with

18   regard to her treatment on May 9 and 10, 2013 because they had a duty to modify their

19   official policy and/or practice upon involuntarily committing her and learning of her

20   vulnerability to engage in inappropriate sexual conduct with males, including adult males

21   even though she was a minor of 14 years of age.   Upon learning of this information, the

22   supervisory personnel of Watsonville Community Hospital and Security Code 3, including Dr.

23   Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100, had a duty to train and supervise the

24   staff on duty with regard to E. G.'s treatment, including Maldonado, that E. G. was prone to

25   this sexual vulnerability and that, when the staff—including Maldonado—monitored her

26   during her stay, they needed to take this vulnerability into account so as to ensure that she

27   did not engage in inappropriate sexual conduct while committed, including, but not limited to,

28   ensuring that she did not remain alone with any males for any significant amount of time.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

38

Said defendants' failure to so modify the official policy and/or practice alleged here with regard to E. G.'s treatment was a failure to properly train and supervise their staff, including security guards such as Maldonado, that caused the damage suffered by E. G. that is alleged in this complaint.

138.   Furthermore, these defendants breached their duty of training, supervision and retention when they learned of Maldonado's misconduct because they took no corrective action in that they continued to implement their official policy and/or practice of having untrained security guards monitor and supervise mental patients while alone with the patients during the patients' period of involuntary commitment; failed to properly train said security guards; and failed to provide properly trained staff to monitor and supervise mental patients who were subjected to involuntarily commitments.  These defendants breached their duty to E. G. because, after learning of Maldonado's misconduct, they knew or should have known that their official policy and/or practice allowed for untrained security guards such as Maldonado and/or other personnel to engage in inappropriate sexual conduct with patients, and therefore they had a duty to modify their official policy and/or practice.  Moreover, subsequent to Maldonado's misconduct and to Watsonville Community Hospital and Security Code 3 learning of his misconduct, E. G. has been a patient at Watsonville Community Hospital under involuntary commitments, and therefore Watsonville Community Hospital's and Security Code 3's failure to modify their policy has subjected E. G. to the harm she was originally subjected to with regard to Maldonado.

139.   When the supervisory personnel of Watsonville Community Hospital and Security Code 3, including Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100,  failed to take corrective action, they adopted and ratified the conduct of Maldonado and the supervisory personnel of Watsonville Community Hospital and Security Code 3 who were responsible for developing, implementing and following the official policy and/or practice of having untrained security guards monitor patients while they were involuntarily committed.

140.   In addition, upon information and belief, at all relevant times, Watsonville Community Hospital and Security Code 3, as well as its supervisory personnel including Dr.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

1  Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100, had actual and/or constructive

2  knowledge that Maldonado was unfit and not qualified to monitor patients during their period

3  of involuntarily commitment.  Upon information and belief, at all relevant times, Watsonville

4  Community Hospital and Security Code 3, as well as its supervisory personnel including Dr.

5  Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100, had actual and constructive

6  knowledge that Maldonado posed a threat of sexual abuse to female minor patients such as

7  E. G. Nevertheless, despite a duty to protect E. G. and to provide her with safe conditions

8  during her period of involuntarily commitment, Watsonville Community Hospital and Security

9  Code 3, as well as its supervisory personnel including Dr. Kaplan, Dr. Lewis, Dr. Stuart and

10  DOES 1 through 100, breached these duties by entrusting E. G. into Maldonado's care such

11  that he was able to sexually abuse E. G. as previously alleged.

12     141.   As a direct legal and proximate cause of the negligence of defendants, E. G.

13  suffered the damages alleged in this complaint.

14     142.   The individual defendants were acting within the course and scope of their

15  employment such that Watsonville Community Hospital and Security Code 3 are liable for

16  their conduct under the doctrine of respondeat superior.  Watsonville Community Hospital

17  and Security Code 3 also are liable for the acts of the individual defendants because their

18  supervisory personnel adopted and ratified the individual defendants' acts, including when

19  they failed to take any corrective action with regard to those acts.

20     WHEREFORE, E. G. prays for relief as set forth below.

21  ## SEVENTEENTH CAUSE OF ACTION

22  ### VIOLATION OF UNRUH ACT, CIVIL CODE § 51

23  ### (Maldonado, Watsonville Community Hospital,

24  ### Security Code 3 and DOES 1 through 100)

25     143.   E. G. realleges and incorporates by reference each and every preceding

26  allegation as though fully set forth here.

27     144.   Maldonado denied E. G. full and equal accommodations, advantages, facilities,

28  privileges and/or services when he violated E. G.'s Fourth Amendment right against

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

40

1  excessive force and unreasonable seizures.   A substantial motivating reason for

2  Maldonado's conduct was E. G.'s mental disability, medical condition and/or sex.  Hence,

3  Maldonado's conduct constitutes a violation of the Unruh Act, California Civil Code § 51.

4  145.  As a direct legal and proximate cause of the conduct of defendant, E. G.

5  suffered the harm and damages alleged in this complaint.

6  146.  This defendant's violations of the Unruh Act, California Civil Code § 51 makes

7  him liable to E. G. for damages up to a maximum of three times the amount of E. G.'s actual

8  damages, but in no event less than four thousand dollars ($4,000), together with exemplary

9  damages, attorney's fees and costs.

10  147.  Maldonado was acting within the course and scope of their employment such

11  that Watsonville Community Hospital and Security Code 3 are liable for his conduct under

12  the doctrine of respondeat superior.  Watsonville Community Hospital and Security Code 3

13  also are liable for the acts of Maldonado because their supervisory personnel adopted and

14  ratified his acts, including when they failed to take any corrective action with regard to those

15  acts.

16  WHEREFORE, E. G. prays for relief as set forth below.

17  ### EIGHTEENTH CAUSE OF ACTION

18  **VIOLATION OF UNRUH ACT, CIVIL CODE § 51**

19  **(Watsonville Community Hospital, Security Code 3, Dr. Kaplan, Dr. Lewis, Dr.**

20  **Stuart and DOES 1 through 100)**

21  147.  E. G. realleges and incorporates by reference each and every preceding

22  allegation as though fully set forth here.

23  148.  Watsonville Community Hospital, Security Code 3 and their supervisory

24  personnel, including Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100 denied E. G.

25  full and equal accommodations, advantages, facilities, privileges and/or services when they

26  violated E. G.'s Fourteenth Amendment due process right to safe conditions while

27  involuntarily committed by developing, implementing and following an official policy and/or

28  practice of having untrained security guards monitor patients during their period of

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

41

1   involuntary commitment; failing to properly train security guards and other personnel to

2   supervise patients while involuntarily committed; and taking no corrective action as

3   previously alleged in this complaint upon learning of Maldonado's misconduct.  A substantial

4   motivating reason for these defendants' conduct was E. G.'s mental disability, medical

5   condition and/or sex.  Hence, these defendants' conduct constitutes a violation of the Unruh

6   Act, California Civil Code § 51.

7       149.   As a direct legal and proximate cause of the conduct of defendants, E. G.

8   suffered the harm and damages alleged in this complaint.

9       150.   These defendants' violations of the Unruh Act, California Civil Code § 51

10  makes them liable to E. G. for damages up to a maximum of three times the amount of E.

11  G.'s actual damages, but in no event less than four thousand dollars ($4,000), together with

12  exemplary damages, attorney's fees and costs.

13      151.   The individual defendants were acting within the course and scope of their

14  employment such that Watsonville Community Hospital and Security Code 3 are liable for

15  their conduct under the doctrine of respondeat superior.  Watsonville Community Hospital

16  and Security Code 3 also are liable for the acts of the individual defendants because their

17  supervisory personnel adopted and ratified the individual defendants' acts, including when

18  they failed to take any corrective action with regard to those acts.

19      WHEREFORE, E. G. prays for relief as set forth below.

20                    **NINETEENTH CAUSE OF ACTION**

21              **VIOLATION OF BANE ACT, CIVIL CODE § 52.1**

22              **(Against Maldonado, Watsonville Community Hospital,**

23                  **Security Code 3 and DOES 1 through 100)**

24      152.   E. G. realleges and incorporates by reference each and every allegation set

25  forth in the preceding paragraphs.

26      153.   By engaging in unlawful sexual conduct with E. G., Maldonado interfered and

27  attempted to interfere with Plaintiff's right to privacy and bodily integrity, as protected by

28  Article I, Section 1 of the California Constitution, and Plaintiff's right to be safe from sexual

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

42

1  predation, as protected by, *inter alia*, California Penal Code §§ 288a(b)(2), 288.4(b) and

2  261.5(c).  Maldonado interfered with these rights by means of intimidation and coercion, in

3  violation of the Bane Act, California Civil Code § 52.1.

4       154.   As a proximate result of Maldonado's conduct, Plaintiff suffered damages, as

5  described in this complaint, including actual damages within the meaning of California Civil

6  Code § 52.

7       155.   Maldonado's violations of the Bane Act, California Civil Code § 52.1 makes him

8  liable to E. G. for damages up to a maximum of three times the amount of E. G.'s actual

9  damages, but in no event less than four thousand dollars ($4,000), together with exemplary

10  damages, attorney's fees and costs.

11       156.   Maldonado was employed by Watsonville Community Hospital and/or Security

12  Code 3 and was acting within the course and scope of his employment at all relevant times

13  alleged herein.  Thus, through the doctrine of respondeat superior, Watsonville Community

14  Hospital and Security Code 3 are liable for the acts of Maldonado that are in violation of the

15  Bane Act, California Civil Code § 52.1.  *Gant v. County of Los Angeles* (C.D. Cal. 2011) 765

16  F.Supp.2d 1238, 1249 (discussing respondeat superior liability under the Bane Act) (citing

17  *Robinson v. Solano County* (9th Cir. 2002) 278 F.3d 1007, 1016).  Defendants Watsonville

18  Community Hospital and/or Security Code 3 also are liable for the acts of Maldonado

19  because they and their supervisory personnel and managing agents—including Dr. Kaplan,

20  Dr. Lewis, Dr. Stuart and DOES 1 through 100—adopted and ratified those acts, including

21  when they failed to take any corrective action with regard to those acts as alleged herein.

22       WHEREFORE, E. G. prays for relief as set forth below.

23                    **TWENTITH CAUSE OF ACTION**

24              **VIOLATION OF THE BANE ACT, CIVIL CODE § 52.1**

25            **(Against Maldonado, Watsonville Community Hospital,**

26                 **Security Code 3 and DOES 1 through 100)**

27       157.   E. G. realleges and incorporates by reference each and every preceding

28  allegation as though fully set forth here.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

43

158.   By subjecting E. G. to unlawful and unreasonable seizures of person and the use of unreasonable and excessive force, Maldonado interfered by threats, intimidation, or coercion with E. G.'s rights, including his rights secured by the Fourth Amendment of the Constitution of the United States; Articles I sections 1, 7, 13 and 15 of the Constitution of California; and California Civil Code § 43.

159.   Plaintiff was harmed by Maldonado's interference with her aforementioned constitutional and statutory rights.

160.   By using threats, intimidation and coercion to interfere with Plaintiff's aforementioned constitutional and statutory rights, Maldonado has violated the Bane Act, California Civil Code § 52.1.

161.   Maldonado's violations of the Bane Act, California Civil Code § 52.1 makes him liable to E. G. for damages up to a maximum of three times the amount of E. G.'s actual damages, but in no event less than four thousand dollars ($4,000), together with exemplary damages, attorney's fees and costs.

162.   Maldonado was employed by Watsonville Community Hospital and/or Security Code 3 and was acting within the course and scope of his employment at all relevant times alleged herein.   Thus, through the doctrine of respondeat superior, Watsonville Community Hospital and Security Code 3 are liable for the acts of Maldonado that are in violation of the Bane Act, California Civil Code § 52.1.   *Gant v. County of Los Angeles* (C.D. Cal. 2011) 765 F.Supp.2d 1238, 1249 (discussing respondeat superior liability under the Bane Act) (citing *Robinson v. Solano County* (9th Cir. 2002) 278 F.3d 1007, 1016).   Defendants Watsonville Community Hospital and/or Security Code 3 also are liable for the acts of Maldonado because they and their supervisory personnel and managing agents adopted and ratified Maldonado's acts, including when they failed to take any corrective action with regard to those acts as alleged herein.

WHEREFORE, Plaintiff prays for relief as set forth below.

///

///

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

## TWENTY-FIRST CAUSE OF ACTION

### VIOLATION OF THE RALPH ACT, CIVIL CODE § 51.7

### (Against Maldonado, Watsonville Community Hospital, Security Code 2 and

### DOES 1 through 100)

163.   E. G. realleges and incorporates by reference each and every preceding allegation as though fully set forth here.

164.   Maldonado committed violent acts against Plaintiff as previously alleged in this complaint.

165.   The sole reason and/or a motivating reason for Maldonado's conduct was E. G.'s mental disability, medical condition and/or sex.

166.   E. G. was harmed by Maldonado's conduct, which was a substantial factor in causing E. G.'s harm and damages as alleged in this complaint.

167.   Maldonado's acts violated the Ralph's Act, California Civil Code § 51.7, which makes him liable to E. G. for a civil penalty of $25,000, together with any attorney's fees and costs that may be determined by the court.

168.   Maldonado was employed by Watsonville Community Hospital and/or Security Code 3 and was acting within the course and scope of his employment at all relevant times alleged herein.  Thus, through the doctrine of respondeat superior, Watsonville Community Hospital and Security Code 3 are liable for the acts of Maldonado that are in violation of the Ralph Act, California Civil Code § 51.7.  *Gant v. County of Los Angeles* (C.D. Cal. 2011) 765 F.Supp.2d 1238, 1249 (discussing respondeat superior liability under the Bane Act) (citing *Robinson v. Solano County* (9th Cir. 2002) 278 F.3d 1007, 1016).  Defendants Watsonville Community Hospital and/or Security Code 3 also are liable for the acts of Maldonado because they and their supervisory personnel and managing agents adopted and ratified Maldonado's acts, including when they failed to take any corrective action with regard to those acts as alleged herein.

WHEREFORE, Plaintiff prays for relief as set forth below.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

45

1

2

3

4

5

6

## TWENTY-SECOND CAUSE OF ACTION

## SEXUAL HARASSMENT

## RATIFICATION OF SEXUAL HARASSMENT

## CIVIL CODE § 51.9

### (Against Maldonado, Watsonville Community Hospital,

### Security Code 3 and DOES 1 through 100)

7    169.   E. G. realleges and incorporates by this reference each and every preceding

8  allegation as though fully set forth here.

9    170.   The acts alleged against Maldonado include: the making of sexual advances

10  toward E. G.; the digital penetration of E. G.'s vagina; the oral copulation of E. G.; the

11  engaging in sexual intercourse with E. G.; and Maldonado's intimidation and coercion

12  against E. G. that allowed him to engage in this nonconsensual conduct with E. G.

13  Maldonado's conduct directed against E. G. was based on E. G.'s gender, and was

14  unwelcome and severe.

15    171.   The acts alleged in the previous paragraph constitute sexual harassment of E.

16  G. by Maldonado.   When Maldonado sexually harassed E. G., he was in a business

17  relationship with her within the meaning of California Civil Code § 51.9 that was substantially

18  similar to the relationships detailed in California Civil Code § 51.9(a)(1).

19    172.   As previously alleged, the negligent supervision of Plaintiff and the negligent

20  training, supervision and retention of Maldonado by Watsonville Community Hospital and

21  Security Code 3 and their administrators and supervisors, including Dr. Kaplan, Dr. Lewis,

22  Dr. Stuart and DOES 1 through 100, resulted in Maldonado's sexual harassment and sexual

23  abuse of E. G.  Thus, Watsonville Community Hospital and Security Code 3 are liable under

24  respondeat superior for their administrators' and supervisors' negligent supervision of E. G.

25  that caused the sexual harassment and negligent training, supervision and retention of

26  Maldonado that caused the sexual harassment.  This is so because, when committing this

27  misconduct, these administrators and supervisors were acting within the course and scope

28  of their employment as defined in *C.A. v. William S. Hart Union High School Dist.* (2012) 53

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

1  Cal.4th 861, 865; *Dailey v. Los Angeles Unified Sch. Dist.* (1970) 2 Cal.3d 741, 747.

2  173.   Furthermore, Watsonville Community Hospital and Security Code 3 and their

3  administrators and supervisors, including Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1

4  through 100, adopted and ratified Maldonado's actions when they failed to take any

5  corrective action as previously alleged in this complaint.  This adoption and ratification was

6  within the course and scope of the employment of the administrators and supervisors of

7  Watsonville Community Hospital and Security Code 3.  *C.R. v. Tenet Healthcare Corp.*

8  (2009) 169 Cal.App.4th 1094, 1110 (ratification by the employer occurs when there is a

9  failure to investigate a complaint; ratification subjects the employer to respondeat superior

10  liability under § 51.9).

11  174.   As a proximate result of the conduct of defendants, E. G. suffered the

12  damages described in this complaint, including actual damages within the meaning of

13  California Civil Code § 52, and Plaintiff is also entitled to punitive damages as described

14  herein, as well as civil penalties and attorneys' fees, as provided by California Civil Code §

15  52.

16  WHEREFORE, E. G. prays for relief as set forth below.

## TWENTY-THIRD CAUSE OF ACTION

### ASSAULT AND BATTERY

**(Defendants Maldonado, Watsonville Community Hospital, Security Code 3**

**and DOES 1 through 100)**

21  175.   E. G. realleges and incorporates by reference each and every preceding

22  allegation as though fully set forth here

23  176.   When engaging in the acts toward E. G. alleged herein, Maldonado, with the

24  intention of doing so, made harmful contact with Plaintiff.

25  177.   E. G. did not consent to Maldonado's harmful contact with her.

26  178.   E. G. was harmed.

27  179.   Maldonado's harmful contact with Plaintiff was a substantial factor in causing

28  E. G.'s harm.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

47

180.    As a direct legal and proximate cause of Maldonado's conduct, E. G. sustained the damages as alleged in this complaint.

181.    Watsonville Community Hospital and Security Code 3 are liable for the acts of Maldonado because they and their supervisory personnel adopted and ratified those acts, including when they failed to take any corrective action with regard to those acts.

WHEREFORE, E. G. prays for relief as set forth below.

## TWENTY-FOURTH CAUSE OF ACTION

### FALSE IMPRISONMENT

### (Maldonado, Watsonville Community Hospital,

### Security Code 3 and DOES 1 through 100)

182.    Plaintiff realleges and incorporates by reference each and every preceding allegation as though fully set forth here.

183.    When Maldonado had Plaintiff in his custody and control, he affected false imprisonment of E. G. by detaining E. G. against her will.   Maldonado affected the false imprisonment of E. G. by means of actual force, implied threats of force, and other forms of unreasonable duress.

184.    As a direct legal and proximate result of Maldonado's false imprisonment of E. G. and disregard for the rights of E. G., E. G. suffered the damages as alleged in this complaint.

185.    E. G. was harmed.

186.    Maldonado's harmful contact with Plaintiff was a substantial factor in causing E. G.'s harm.

187.    As a direct legal and proximate cause of Maldonado's conduct, E. G. sustained the damages as alleged in this complaint.

188.    Watsonville Community Hospital and Security Code 3 are liable for the acts of Maldonado because they and their supervisory personnel adopted and ratified those acts, including when they failed to take any corrective action with regard to those acts.

WHEREFORE, E. G. pray for relief as set forth below.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

48

### TWENTY-FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Maldonado, Watsonville Community Hospital, Security Code 3, Dr. Kaplan,

### Dr. Lewis, Dr. Stuart and DOES 1 through 100)

189.   E. G. realleges and incorporates by reference each and every preceding allegation as though fully set forth here.

190.   When committing the violations of E. G.'s rights as alleged herein, Maldonado, Watsonville Community Hospital, Security Code 3, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100 engaged in despicable outrageous conduct, which was done with an intention of causing emotional distress to E. G., which was done with a wanton and reckless disregard of the consequences to E. G., and/or which was done with knowledge that it was highly probable that E. G. would suffer severe mental anguish, and emotional and physical distress.

191.   As a direct legal and proximate cause of defendants' outrageous conduct as herein alleged, E. G. suffered severe mental anguish, and emotional and physical distress and incurred the damages as alleged in this complaint.

192.   The individual defendants were acting within the course and scope of their employment such that Watsonville Community Hospital and Security Code 3 are liable for their conduct under the doctrine of respondeat superior.  Watsonville Community Hospital and Security Code 3 also are liable for the acts of the individual defendants because they and their supervisory personnel adopted and ratified the individual defendants' acts, including when they failed to take any corrective action with regard to those acts.

WHEREFORE, E. G. prays for relief as set forth below.

### TWENTY-SIXTH CAUSE OF ACTION

### AIDING AND ABETTING

### (Maldonado, Watsonville Community Hospital,

### Security Code 3, and DOES 1 through 100)

193.   E. G. realleges and incorporates by reference each and every preceding

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

1   allegation as though fully set forth here.

2       194.   Watsonville Community Hospital's supervisory personnel and Security Code

3   3's supervisory personnel, including DOES 1 through 100, knew of the violations of E. G.'s

4   Fourth and Fourteenth Amendment rights that have been alleged herein and that were

5   committed by Maldonado, the supervisory personnel of Watsonville Hospital, the

6   supervisory personnel of Security Code 3, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1

7   through 100.

8       195.   Watsonville Community Hospital's supervisory personnel and Security Code 3's

9   supervisory personnel, including DOES 1 through 100, gave substantial assistance and/or

10  encouragement to Maldonado, Dr. Kaplan, Dr. Lewis, Dr. Stuart and DOES 1 through 100 in

11  violating E. G.'s rights.

12      196.   This substantial assistance and/or encouragement was a substantial factor in

13  causing harm to E. G., entitling E. G. to the damages as alleged in this complaint.

14      197.   Watsonville Community Hospital's supervisory personnel and Security Code

15  3's supervisory personnel, including DOES 1 through 100, were acting within the course

16  and scope of their employment such that Watsonville Community Hospital and Security

17  Code 3 are liable for their conduct under the doctrine of respondeat superior.  Watsonville

18  Community Hospital and Security Code 3 also are liable for the acts of defendants because

19  they and their supervisory personnel adopted and ratified the acts of their supervisory

20  personnel, including when they failed to take any corrective action with regard to those acts.

21      WHEREFORE, Plaintiff prays for relief as set forth below.

22                    **TWENTY-SEVENTH CAUSE OF ACTION**

23                          **CIVIL CONSPIRACY**

24  **(Maldonado, Watsonville Community Hospital, Security Code 3, Dr. Kaplan,**

25           **Dr. Lewis, Dr. Stuart and DOES 1 through 100)**

26      198.   E. G. realleges and incorporates by reference each and every preceding

27  allegation as though fully set forth here.

28      199.   Defendants entered into an agreement and conspiracy for the purpose of

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

50

1  depriving E. G.'s rights under California law as alleged in this complaint, including for the

2  purpose of depriving Plaintiff's rights under the Unruh Act, the Bane Act, and the Ralph Act.

3      200.   Defendants also entered into an agreement and conspiracy for the purpose of

4  depriving E. G. under California law, including for the purposes of engaging in assault and

5  battery against Plaintiff; false imprisonment of Plaintiff; intentional infliction of emotional

6  distress of Plaintiff; and negligent conduct toward Plaintiff.

7      201.   As previously alleged herein, defendants took acts in furtherance of their

8  agreement and conspiracy.

9      202.   As a direct legal and proximate cause of defendants' conduct, Plaintiff incurred

10  the damages alleged in this complaint.  Plaintiff was harmed by defendants' agreement and

11  conspiracy, as well as said acts in further of their agreement and conspiracy, such that

12  defendants, and each of them, are liable for E. G.'s damages as alleged herein.

13      203.   Defendants were acting within the course and scope of their employment such

14  that Watsonville Community Hospital and Security Code 3 are liable for their conduct under

15  the doctrine of respondeat superior.  Watsonville Community Hospital and Security Code 3

16  also are liable for the acts of defendants because they and their supervisory personnel

17  adopted and ratified those acts, including when they failed to take any corrective action with

18  regard to those acts.

19      WHEREFORE, E. G. prays for relief as set forth below.

20            **PRAYER**

21      WHEREFORE, PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

22      1.   Special damages according to proof against all defendants;

23      2.   General damages according to proof against all defendants;

24      3.   Statutory damages under Civil Code §§ 51.7, 52 and 1708.5 as previously

25  alleged, including treble damages, actual damages, penalties, exemplary damages and

26  attorney's fees;

27      4.   Punitive damages as previously alleged;

28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

5.      Attorney's fees pursuant to Civil Code §§ 51.7, 52 and 1021.4 and 42 U.S.C. § 1988;

6.      For costs of suit incurred herein; and

7.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

E. G. hereby demands a jury trial in this action.

Dated:  _March 6, 2014_

_____
Stan Casper
CASPER, MEADOWS, SCHWARTZ & COOK
Attorneys for Plaintiff

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT FOR DAMAGES

52